# Third District Court of Appeal

## State of Florida

Opinion filed July 22, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1221
Lower Tribunal No. 24-21577-CA-01
_____

**Janet L. Schmidt, et al.,**
Appellants,

vs.

**Stokes McMillan Antúnez Martinez-Lejarza P.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Janet L. Schmidt (Dagsboro, DE), for appellants.

Stokes McMillan Antúnez Martinez-Lejarza P.A., and Kimberly A. Martinez-Lejarza, for appellee.

Before SCALES, C.J., and FERNANDEZ and LOBREE, JJ.

SCALES, C.J.

Appellants,[1] the plaintiffs below, appeal a May 28, 2025 final order dismissing with prejudice their lawsuit to vacate an arbitration award entered in favor of appellee, the defendant below, Stokes McMillan Antúnez Martinez-Lejarza P.A. We affirm because the statutory scheme governing confirmation, modification, correction or vacatur of arbitration awards – codified in chapter 682, Florida Statutes – expressly requires that vacatur be sought by motion when, as here, a lawsuit involving the agreement to arbitrate remains pending. See § 682.015(2), Fla. Stat. (2024) ("Unless a civil action involving the agreement to arbitrate is pending, notice of an initial petition to the court under this chapter must be served in the manner provided by law for the service of a summons in a civil action. Otherwise, notice of the motion must be given in the manner provided by law or rule of court for serving motions in pending cases."); § 682.13(1), Fla. Stat. (2024) (providing the means for vacating an arbitration award "[u]pon motion of a party to an arbitration proceeding").

Appellee is a law firm that represented Appellants in prior, unrelated litigation. The parties' retainer agreement contained an arbitration clause

---

[1] Appellants are Janet L. Schmidt, individually, and John R. Fersntrom, as Trustee of the Whiteacre Asset Trust. Ms. Schmidt is a member of the Florida Bar and is representing both herself and Trustee Fernstrom.

2

requiring that any dispute over attorney's fees be resolved in an arbitration proceeding before the American Arbitration Association. A dispute over attorney's fees arose and Appellee initiated an arbitration proceeding.

In April 2023, Appellants filed a declaratory judgment action ("Initial Action")[2] below seeking to invalidate the arbitration clause in the parties' retainer agreement. In November 2023, the trial court in the Initial Action entered an order compelling arbitration, staying the litigation and reserving jurisdiction to enforce the arbitration panel's arbitration award ("Arbitration Order"). Appellant appealed the Arbitration Order to this Court (appellate case number 3D23-1996).

While 3D23-1996 was still pending in this Court, on August 15, 2024, the arbitration panel rendered an arbitration award in Appellee's favor. Appellee then filed a motion in the Initial Action seeking to confirm the arbitration award. See § 682.12, Fla. Stat. (2024) ("After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to s. 682.10 or s. 682.14 or is vacated pursuant to s. 682.13.").

---

[2] The Initial Action is lower tribunal case number 2023-15113-CA-01.

3

Appellants then filed, in a different division of the Miami-Dade County Circuit Court, the instant action to vacate the arbitration award ("Second Action"). Appellants did not file a motion to vacate the arbitration award in the Initial Action, as expressly required by section 682.015(2) of the Florida Statutes. The Second Action was transferred to the trial judge presiding over the Initial Action.

On February 19, 2025, in 3D23-1996, this Court affirmed the arbitration award. See Schmidt v. Stokes McMillan Antúnez Martinez-Lejarza, P.A., 406 So. 3d 968 (Fla. 3d DCA 2025). After the issuance of our mandate in 3D23-1996, the trial court entered a judgment in the Initial Action confirming the arbitration award.[3] The trial court then dismissed the Second Action with prejudice, and it is from this May 28, 2025 order dismissing the Second Action that Appellants now appeal.

We affirm the trial court's dismissal order because where, as here, there is a pending civil action involving the parties' agreement to arbitrate, chapter 682's express statutory scheme requires a motion to vacate the arbitration award be filed in that pending action. See § 682.015(2), Fla. Stat. (2024); § 682.13(1), Fla. Stat. (2024). Allowing multiple, separate lawsuits is

---

[3] Appellants have appealed the confirmation judgment, and that appeal (appellate case number 3D25-2345) remains pending in this Court.

4

violative of chapter 682 and risks not only unnecessary duplicative judicial resources, but also the possibility of inconsistent results.

Affirmed.